UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00083

**Carl W. Robertson,**
*Plaintiff,*

v.

**Lynn Allen,**
*Defendant.*

# ORDER

Plaintiff Carl W. Robertson, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b). Doc. 4.

On October 24, 2024, the magistrate judge ordered plaintiff to file an amended complaint. Doc. 18. The order was mailed to plaintiff at his last known address at the Texas Department of Criminal Justice's Boyd Unit. He did not file an amended complaint, nor did he file a motion for extension of time to file an amended complaint. Plaintiff was warned that the failure to comply with the order may result in the dismissal of the complaint. *Id.* at 3.

On January 13, 2025, the magistrate judge entered a report recommending that plaintiff's case be dismissed for want of prosecution and for failure to obey a court order. Doc. 19. The report noted that plaintiff failed to comply with the order to amend. Although the report was resent to plaintiff on May 22, 2025, no objections have been filed.

When no party objects to the magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report (Doc. 19) and being satisfied that it contains no clear error, the court accepts the report's findings and conclusions. Accordingly, the complaint

is dismissed for failure to prosecute and for failure to comply with a court order.

The court does recognize that such dismissal is functionally with prejudice because the civil-rights claims here would be time-barred if plaintiff refiles. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191–92 (5th Cir. 1992) (holding that dismissal for failure to prosecute where further litigation would be time-barred constitutes a dismissal with prejudice, which is only appropriate where "there is a clear record of delay or contumacious conduct by the plaintiff"). However, on this record, where plaintiff has not communicated with the court for more than nine months (Doc. 16) and, in that time, has not responded to several communications (Docs. 18, 19, 20), the court is also unable to conclude that equitable tolling is warranted. *See Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (unpublished) (equitable tolling was not appropriate where plaintiff had "failed to establish that he actively pursued his judicial remedies or otherwise acted diligently"); *see also Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855 (5th Cir. July 1, 2022) (noting that dismissal with prejudice can be appropriate where there are "significant periods of total inactivity").

Faced with these competing considerations, and because the plaintiff is free to move for reconsideration of this order under Federal Rules of Civil Procedure 59 and 60, the court determines that dismissal is appropriate at this stage. Any pending motions are denied as moot.

*So ordered by the court on July 17, 2025.*

J. CAMPBELL BARKER
United States District Judge